**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANOFI-AVENTIS and SANOFI-AVENTIS U.S. LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | C.A. No. 07-572 (GMS) |
| ACTAVIS SOUTH ATLANTIC LLC, AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA INC., MYLAN PHARMACEUTICALS INC., PAR PHARMACEUTICAL, INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC., SUN PHARMACEUTICAL INDUSTRIES LTD, TEVA PHARMACEUTICALS USA, INC., TORRENT PHARMA INC. and TORRENT PHARMACEUTICALS LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS TORRENT PHARMA INC.'S AND TORRENT
PHARMACEUTICALS, LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendants Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively referred to herein as "Torrent"), for their Answer, Affirmative Defenses and Counterclaim to Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC's ("sanofi-aventis U.S.") Complaint ("Complaint"), state as follows:

**Parties**

1.      Plaintiff sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

**ANSWER:**

Admitted upon information and belief.

2.     Plaintiff sanofi-aventis U.S. is a limited liability company organized and existing under the laws of Delaware with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

**ANSWER:**

Admitted upon information and belief.

3.     Upon information and belief, Defendant Actavis is a Delaware limited liability company having a place of business at 13800 NW 2nd Street, Ste-190, Fort Lauderdale, Florida 33325.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

4.     Upon information and belief, Defendant Aurobindo Inc. is a Delaware corporation, and the wholly-owned subsidiary and agent of Defendant Aurobindo Ltd., having a place of business at 2400 Route 130 North, Dayton, New Jersey 08810.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

5.     Upon information and belief, Defendant Aurobindo Ltd. is an Indian corporation having a place of business at Plot No. 2, Maitri Vihar, Ameerpet, Hyderabad - 500 038, Andhra Pradesh, India.     Upon information and belief, Defendant Aurobindo Ltd. manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district, through its wholly-owned subsidiary and agent Aurobindo Inc.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

147001

6.    Upon information and belief, Defendant Mylan is a West Virginia corporation having a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia, 26504.  Upon information and belief, Defendant Mylan manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

7.    Upon information and belief, Defendant Par is a Delaware corporation having a place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

8.    Upon information and belief, Defendant Ranbaxy Inc. is a Delaware corporation, and the wholly-owned subsidiary and agent of Defendant Ranbaxy Ltd., having a place of business at 600 College Road East, Princeton, New Jersey 08540.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

9.    Upon information and belief, Defendant Ranbaxy Ltd. is an Indian corporation having a place of business at Plot 90, Sector 32, Gurgaon -122001 (Haryana), India. Upon information and belief, Defendant Ranbaxy Ltd. manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district, through its wholly-owned subsidiary and agent Defendant Ranbaxy Inc.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

10.     Upon information and belief, Defendant Sun Inc. was a Michigan corporation, and the wholly-owned subsidiary and agent of Defendant Sun Ltd., having a place of business at 29714 Orion CT, Farmington Hills, Michigan 48334 at the time it submitted its Abbreviated New Drug Application. Upon information and belief, Sun Inc. dissolved as a corporation on or about July 15, 2007. Upon information and belief, Defendant Sun Inc. manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

11.     Upon information and belief, Defendant Sun Ltd. is an Indian corporation having a place of business at Acme Plaza, Andheri - Kurla Rd, Andheri (E), Mumbai - 400 059. Upon information and belief, Defendant Sun Ltd., itself and through its wholly-owned subsidiary and agent Defendant Sun Inc., manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

12.     Upon information and belief, Defendant Teva is a Delaware corporation having a place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

4

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

13.     Upon information and belief, Defendant Torrent Inc. is a Delaware
corporation, and the wholly-owned subsidiary and agent of Defendant Torrent Ltd., having a
place of business at 3585 Bellflower Drive, Portage, Michigan 49024.

**ANSWER:**

Torrent admits that Defendant Torrent Pharma Inc. is a Delaware corporation, and is a

wholly-owned subsidiary of Defendant Torrent Pharmaceuticals, Ltd., having a place of business

at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009. Torrent denies all remaining

allegations contained in paragraph 13.

14.     Upon information and belief, Defendant Torrent Ltd. is an Indian
company having a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009,
Gujarat, India. Upon information and belief, Defendant Torrent Ltd. manufactures numerous
generic drugs for sale and use throughout the United States, including in this judicial district,
through its wholly-owned subsidiary and agent Defendant Torrent Inc.

**ANSWER:**

Torrent admits that Defendant Torrent Pharmaceuticals Ltd. is an Indian company having

a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

Torrent denies all remaining allegations contained in paragraph 14.

### Nature of the Action

15.     This is a civil action for the infringement of United States Patent
No. 4,661,491 ("the '491 patent") (Exhibit A) and United States Patent No. 6,149,940 ("the '940
patent') (Exhibit B). This action is based upon the Patent Laws of the United States, 35 U.S.C.
§ 1, *et seq*.

147001

**ANSWER:**

Torrent admits that the Complaint purports to be a civil action for the infringement of United States Patent Nos. 4,661,491 ("the '491 patent") and 6,149,940 ("the '940 patent"). Torrent further admits that copies of what purport to be the '491 patent and '940 patent are attached to the Complaint as Exhibits A and B, respectively. Torrent further admits that the purported civil action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## Jurisdiction and Venue

16.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Torrent admits that this Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.    This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each Defendant has committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to a Delaware company, Plaintiff sanofi-aventis U.S. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged.

**ANSWER:**

Torrent admits that this Court has personal jurisdiction over it to the extent that Torrent has consented to jurisdiction in this District. Torrent denies all remaining allegations contained in paragraph 17 to the extent they apply to Torrent. Torrent is without knowledge or information sufficient to form a belief as to the truth of the remaining averments not related to Torrent contained in this paragraph.

18.    This Court has personal jurisdiction over Defendant Actavis by virtue of the fact that, *inter alia*, Actavis is a Delaware limited liability company.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

19.     This Court has personal jurisdiction over Defendant Aurobindo Inc. by virtue of the fact that, *inter alia*, Aurobindo Inc. is a Delaware corporation.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

20.     This Court has personal jurisdiction over Defendant Aurobindo Ltd. by virtue of, *inter alia*: (1) its presence in Delaware through its subsidiary and agent Aurobindo Inc.; and (2) its systematic and continuous contacts with Delaware, including through its subsidiary and agent Aurobindo Inc.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

21.     This Court has personal jurisdiction over Defendant Mylan by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

22.     This Court has personal jurisdiction over Defendant Par by virtue of the fact that, *inter alia*, Par is a Delaware corporation.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

23.    This Court has personal jurisdiction over Defendant Ranbaxy Inc. by virtue of the fact that, *inter alia*, Ranbaxy Inc. is a Delaware corporation.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

24.    This Court has personal jurisdiction over Defendant Ranbaxy Ltd. by virtue of, *inter alia*: (1) its presence in Delaware through its subsidiary and agent Ranbaxy Inc.; and (2) its systematic and continuous contacts with Delaware, including through its subsidiary and agent Ranbaxy Inc.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

25.    This Court has personal jurisdiction over Defendant Sun Inc. by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

26.    This Court has personal jurisdiction over Defendant Sun Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its subsidiary and agent Sun Inc.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

27.    This Court has personal jurisdiction over Defendant Teva by virtue of the fact that, *inter alia*, Teva is a Delaware corporation.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

28.    This Court has personal jurisdiction over Defendant Torrent Inc. by virtue of the fact that, *inter alia*, Torrent Inc. is a Delaware corporation.

**ANSWER:**

Torrent consents to personal jurisdiction in this District for purposes of this case only. Torrent admits that Torrent Pharma Inc. is a Delaware corporation, but denies all remaining allegations contained in paragraph 28.

29.    This Court has personal jurisdiction over Defendant Torrent Ltd. by virtue of, *inter alia*: (1) its presence in Delaware through its subsidiary and agent Torrent Inc.; and (2) its systematic and continuous contacts with Delaware, including through its subsidiary and agent Torrent Inc.

**ANSWER:**

Torrent Pharmaceuticals Ltd. consents to personal jurisdiction in this District for purposes of this case only. Torrent denies all remaining allegations contained in paragraph 29.

30.    Venue is proper in this judicial district as to each defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

147001

**ANSWER:**

Torrent admits only that venue is proper in this judicial district as to Torrent. Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph with respect to any of the other Defendants named as parties herein.

### The Patents

31.    On April 28, 1987, the '491 patent, titled "Alfuzosine Compositions and Use," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Plaintiff sanofi-aventis is the current assignee of the '491 patent. Plaintiff sanofi-aventis U.S. holds New Drug Application ("NDA") No. 21-287 on Uroxatral® brand alfuzosin hydrochloride extended release tablets, and is the exclusive distributor of Uroxatral® in the United States. The '491 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for Uroxatral®.

**ANSWER:**

Torrent admits that the '491 patent is entitled "Alfuzosine Compositions and Use," and lists on its face an issue date of April 28, 1987. Torrent further admits that sanofi-aventis U.S. is listed by the Food and Drug Administration ("FDA") as the holder of NDA No. 21-287, for Uroxatral®, 10 mg extended-release alfusozin hydrochloride oral tablets. Torrent further admits that the '491 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for Uroxatral®. Torrent denies that the '491 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Torrent is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

32.    On November 21, 2000, the '940 patent, titled "Tablet with Controlled Release of Alfuzosine Chlorhydrate," was duly and legally issued by the PTO. Plaintiff sanofi-aventis and Jagotec AG are the current assignees of the '940 patent. Plaintiff sanofi-aventis has an exclusive license to Jagotec AG's interests in the '940 patent. Pursuant to that license, sanofi-aventis has the right to unilaterally bring and proceed with this action in its own name. Jagotec has also consented to sanofi-aventis bringing this action. The '940 patent is listed in the Orange Book for Uroxatral®.

147001

**ANSWER:**

Torrent admits that the '940 patent is entitled "Tablet with Controlled Release of Alfuzosine Chlorhydrate," and lists on its face an issue date of November 21, 2000. Torrent further admits the '940 patent is listed in the Orange Book for Uroxatral®. Torrent denies the '940 patent was duly and legally issued by the PTO. Torrent is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

## Acts Giving Rise to this Action

## Count I-Infringement of the '491 Patent by Defendants Actavis and Par

33.     Upon information and belief, Actavis submitted Abbreviated New Drug Application ("ANDA") 79-055 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-055 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

34.     Actavis alleged in ANDA 79-055 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid. Plaintiffs received written notification of ANDA 79-055 on or about August 17, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

147001

35.    Actavis' submission of ANDA 79-055 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A). Actavis' commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

36.    Par is jointly and severally liable for Actavis' infringement of the '491 patent. Upon information and belief, Par participated in, contributed to, aided, abetted and/or induced Actavis' submission of ANDA 79-055 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

37.    Par's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-055 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, Par's commercial manufacture, use, offer for sale or sale of the proposed generic versions of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

38.    This is an exceptional case under 35 U.S.C. § 285 because Actavis and Par were aware of the existence of the '491 patent at the time of the submission of ANDA 79-055 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

39.    Plaintiffs will be irreparably harmed by Defendant Actavis' and Defendant Par's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

<u>**Count II-Infringement of the '940 Patent by Defendants Actavis and Par**</u>

40.    ANDA 79-055 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

41.    Actavis has alleged in ANDA 79-055 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product. Plaintiffs received written notification of ANDA 79-055 on or about August 17, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

147001

42.    Actavis' submission of ANDA 79-055 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Actavis' commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

43.    Par is jointly and severally liable for Actavis' infringement of the '940 patent.  Upon information and belief, Par participated in, contributed to, aided, abetted and/or induced Actavis' submission of ANDA 79-055 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

44.    Par's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-055 and its § 505(j)(2)(A)(vii)(M allegations to the FDA constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Par's commercial manufacture, use, offer for sale or sale of its proposed generic versions of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

45.    This is an exceptional case under 35 U.S.C. § 285 because Actavis and Par were aware of the existence of the '940 patent at the time of the submission of ANDA 79-055 and their § 505(j)(2)(A)(vii)(M allegations to the FDA and that filing constituted infringement of the '940 patent.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

46.    Plaintiffs will be irreparably harmed by Defendant Actavis' and Defendant Par's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

### Count III-Infringement of the '491 Patent by Defendants
### Aurobindo Ltd. and Aurobindo Inc.

47.    Upon information and belief, Aurobindo Ltd., through its subsidiary and agent Aurobindo Inc., submitted ANDA 79-060 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-060 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

48.    Aurobindo Ltd. alleged in ANDA 79-060 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid or not infringed by the manufacture, use or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product. Plaintiffs received written notification of ANDA 79-060 on or about August 30, 2007.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

49.    Aurobindo Ltd.'s submission of ANDA 79-060 to the FDA, through Aurobindo Inc., including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A). Aurobindo Ltd.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

50.    Aurobindo Inc. is jointly and severally liable for Aurobindo Ltd.'s infringement of the '491 patent. Upon information and belief, Aurobindo Inc. participated in, contributed to, aided, abetted and/or induced Aurobindo Ltd.'s submission of ANDA 79-060 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

51.    Aurobindo Inc.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-060 and its § 505(j)(2)(A)(vii)(M allegations to the FDA constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, Aurobindo Inc.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

52.    This is an exceptional case under 35 U.S.C. § 285 because Aurobindo Ltd. and Aurobindo Inc. were aware of the existence of the '491 patent at the time of the submission of ANDA 79-060 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

53.    Plaintiffs will be irreparably harmed by Defendant Aurobindo Ltd.'s and Defendant Aurobindo Inc.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

### Count IV-Infringement of the '940 Patent by Defendants Aurobindo Ltd. and Aurobindo Inc.

54.    ANDA 79-060 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

147001

55.     Aurobindo Ltd. alleged in ANDA 79-060 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are invalid or not infringed by the manufacture, use or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product.  Plaintiffs received written notification of ANDA 79-060 on or about August 30, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

56.     Aurobindo Ltd.'s submission of ANDA 79-060 to the FDA, through Aurobindo Inc., including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Aurobindo Ltd.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

57.     Aurobindo Inc. is jointly and severally liable for Aurobindo Ltd.'s infringement of the '940 patent.  Upon information and belief, Aurobindo Inc. participated in, contributed to, aided, abetted and/or induced Aurobindo Ltd.'s submission of ANDA 79-060 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

58.     Aurobindo Inc.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-060 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, Aurobindo Inc.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

59.     This is an exceptional case under 35 U.S.C. § 285 because Aurobindo Ltd. and Aurobindo Inc. were aware of the existence of the '940 patent at the time of the submission of ANDA 79-060 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

60.     Plaintiffs will be irreparably harmed by Defendant Aurobindo Ltd.'s and Defendant Aurobindo Inc.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

**Count V-Infringement of the '491 Patent by Defendant Mylan**

61.     Upon information and belief, Mylan submitted ANDA 79-014 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-014 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

62.    Mylan alleged in ANDA 79-014 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid. Plaintiffs received written notification of ANDA 79-014 on or about August 27, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

63.    Mylan's submission of ANDA 79-014 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A). Mylan's commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

64.    This is an exceptional case under 35 U.S.C. § 285 because Mylan was aware of the existence of the '491 patent at the time of the submission of ANDA 79-014 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

65.    Plaintiffs will be irreparably harmed by Defendant Mylan's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

### Count VI-Infringement of the '940 Patent by Defendant Mylan

66.    ANDA 79-014 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

67.    Mylan alleged in ANDA 79-014 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product.  Plaintiffs received written notification of ANDA 79-014 on or about August 27, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

68.    Mylan's submission of ANDA 79-014 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Mylan has provided limited information related to its proposed generic version of sanofi-aventis' Uroxatral® brand product that is the subject of ANDA 79-014.  However, given Mylan's claim of bioequivalence contained within ANDA 79-014, Plaintiffs believe that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that will demonstrate that Mylan's commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand would infringe the '940 patent. 69.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

69.     This is an exceptional case under 35 U.S.C. § 285 because Mylan was aware of the existence of the '940 patent at the time of the submission of ANDA 79-014 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

70.     Plaintiffs will be irreparably harmed by Defendant Mylan's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

## Count VII-Infringement of the '940 Patent by Defendants Ranbaxy Ltd. and Ranbaxy Inc.

71.     Upon information and belief, Ranbaxy Ltd., through its subsidiary and agent Ranbaxy Inc., submitted ANDA 79-006 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-006 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

72.     Ranbaxy Ltd. alleged in ANDA 79-006 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product. Plaintiffs received written notification of ANDA 79-006 on or about August 14, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

73.     Ranbaxy Ltd.'s submission of ANDA 79-006 to the FDA, through Ranbaxy Inc., including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A). Ranbaxy Ltd.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

74.     Ranbaxy Inc. is jointly and severally liable for any infringement of the '940 patent. Upon information and belief, Ranbaxy Inc. participated in, contributed to, aided, abetted and/or induced Ranbaxy Ltd.'s submission of ANDA 79-006 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

147001

75.     Ranbaxy Inc.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-006 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, Ranbaxy Inc.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

76.     This is an exceptional case under 35 U.S.C. § 285 because Ranbaxy Ltd. and Ranbaxy Inc. were aware of the existence of the '940 patent at the time of the submission of ANDA 79-006 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

77.     Plaintiffs will be irreparably harmed by Defendant Ranbaxy Ltd.'s and Defendant Ranbaxy Inc.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

### Count VIII-Infringement of the '940 Patent by Defendants Sun Inc. and Sun Ltd.

78.     Upon information and belief, Sun Inc. acting as a subsidiary and agent of Sun Ltd., submitted ANDA 79-057 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  ANDA 79-057 seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet.  ANDA 79-057 specifically seeks FDA approval to market a

proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

79. Sun Inc. alleged in ANDA 79-057 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product. Plaintiffs received written notification of ANDA 79-057 on or about September 6, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

80. Sun Inc.'s submission of ANDA 79-057 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A). Sun Inc. has provided no information related to its proposed generic version of sanofi-aventis' Uroxatral® brand product that is the subject of ANDA 79-057. However, given Sun Inc.'s claim of bioequivalence contained within ANDA 79-057, Plaintiffs believe that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that will demonstrate that Sun Inc.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

81. Sun Ltd. is jointly and severally liable for Sun Inc.'s infringement of the '940 patent. Upon information and belief, Sun Ltd. participated in, contributed to, aided, abetted and/or induced Sun Inc.'s submission of ANDA 79-057 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

147001

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

82.    Sun Ltd.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-057 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A). Sun Ltd.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

83.    This is an exceptional case under 35 U.S.C. § 285 because Sun Inc. and Sun Ltd. were aware of the existence of the '940 patent at the time of the submission of ANDA 79-057 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

84.    Plaintiffs will be irreparably harmed by Defendant Sun Inc.'s and Defendant Sun Ltd.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

## Count IX-Infringement of the '491 Patent by Defendant Teva

85.    Upon information and belief, Teva submitted ANDA 79-056 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-056 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

86.    Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid or not infringed by the manufacture, use or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product.  Plaintiffs received written notification of ANDA 79-056 on or about August 15, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

87.    Teva's submission of ANDA 79-056 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A).  Teva's commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

88.    This is an exceptional case under 35 U.S.C. § 285 because Teva was aware of the existence of the '491 patent at the time of the submission of ANDA 79-056 and its

§ 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

89.    Plaintiffs will be irreparably harmed by Defendant Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

### Count X-Infringement of the '940 Patent by Defendant Teva

90.    ANDA 79-056 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

91.    Teva alleged in ANDA 79-056 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product. Plaintiffs received written notification of ANDA 79-056 on or about August 15, 2007.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

92.     Teva's submission of ANDA 79-056 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A). Teva has provided limited information related to its proposed generic version of sanofi-aventis' Uroxatral® brand product that is the subject of ANDA 79-056. However, given Teva's claim of bioequivalence contained within ANDA 79-056, Plaintiffs believe that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that will demonstrate that Teva's commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand would infringe the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

93.     This is an exceptional case under 35 U.S.C. § 285 because Teva was aware of the existence of the '940 patent at the time of the submission of ANDA 79-056 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. Inasmuch as the allegations of this paragraph are not directed to Torrent, Torrent is not required to and makes no answer to the same.

94.     Plaintiffs will be irreparably harmed by Defendant Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in this paragraph.  Inasmuch as the allegations of this paragraph are not

directed to Torrent, Torrent is not required to and makes no answer to the same.

<u>Count XI-Infringement of the '491 Patent by Defendants Torrent Ltd. and
Torrent Inc.</u>

95.    Upon information and belief, Torrent Ltd., through its subsidiary and
agent Torrent Inc., submitted ANDA 79-054 to the FDA under § 505(j) of the Federal Food,
Drug and Cosmetic Act (21 U.S.C. § 355(j)).    That ANDA seeks FDA approval for the
commercial manufacture, use, offer for sale and sale of generic extended release tablets
containing 10 mg of alfuzosin hydrochloride per tablet.  ANDA 79-054 specifically seeks FDA
approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin
hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

**ANSWER:**

Torrent admits that Torrent Pharmaceuticals Ltd. submitted Abbreviated New Drug

Application ("ANDA") No. 79-054 to the FDA pursuant to § 505(j) of the Federal Food, Drug

and Cosmetic Act (21 U.S.C. § 355(j)).  Torrent further admits that ANDA No. 79-054 seeks

FDA approval for the commercial manufacture, use, offer for sale and sale of Torrent's proposed

extended-release tablets containing 10 mg of alfuzosin hydrochloride per tablet prior to

expiration of the '491 patent.  Torrent denies all remaining allegations contained in paragraph 95.

96.    Torrent Ltd. alleged in ANDA 79-054 under § 505(j)(2)(A)(vii)(IV) of the
Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid. Plaintiffs
received written notification of ANDA 79-054 on or about August 16, 2007.

**ANSWER:**

Torrent admits that ANDA No. 79-054 contains a certification pursuant to

§505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '491

patent are invalid and will not be infringed by the extended-release tablets containing 10 mg of

alfuzosin hydrochloride proposed in ANDA No. 79-054.  Torrent is without knowledge or

147001

information sufficient to form a belief as to the truth of the remaining averments contained in this

paragraph.

97.    Torrent Ltd.'s submission of ANDA 79-054 to the FDA, through Torrent Inc., including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A).  Torrent Ltd.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent admits that Torrent Pharmaceuticals Ltd.'s submission of ANDA No. 79-054,

including a certification pursuant to § 505(j)(2)(A)(vii)(IV) with respect to the '491 patent, is

defined by 35 U.S.C. § 271(e)(2)(A) as an artificial act of infringement.  Torrent denies all

remaining allegations contained in paragraph 97.

98.    Torrent Inc. is jointly and severally liable for any infringement of the '491 patent.  Upon information and belief, Torrent Inc. participated in, contributed to, aided, abetted and/or induced Torrent Ltd.'s submission of ANDA 79-054 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent denies all allegations contained in paragraph 98.

99.    Torrent Inc.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-054 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '491 patent under 35 U.S.C. § 271(e)(2)(A).  Torrent Inc.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 99.

100.    This is an exceptional case under 35 U.S.C. § 285 because Torrent Ltd. and Torrent Inc. were aware of the existence of the '491 patent at the time of the submission of ANDA 79-054 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 100.

147001

101.    Plaintiffs will be irreparably harmed by Defendant Torrent Ltd.'s and Defendant Torrent Inc.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**

Torrent denies all allegations contained in paragraph 101.

### Count XII-Infringement of the '940 Patent by Defendants Torrent Ltd. and Torrent Inc.

102.    ANDA 79-054 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '940 patent.

**ANSWER:**

Torrent admits that that ANDA No. 79-054 seeks FDA approval for the commercial

manufacture, use, offer for sale and sale of Torrent's proposed extended-release tablets

containing 10 mg of alfuzosin hydrochloride per tablet prior to expiration of the '940 patent.

Torrent denies all remaining allegations contained in paragraph 102.

103.    Torrent Ltd. alleged in ANDA 79-054 under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940 patent are invalid and not infringed by the manufacture, use or sale of the proposed generic version of sanofi-aventis' Uroxatral® brand product.  Plaintiffs received written notification of ANDA 79-054 on or about August 16, 2007.

**ANSWER:**

Torrent admits that ANDA No. 79-054 contains a certification pursuant to

§505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '940

patent are invalid and will not be infringed by the extended-release tablets containing 10 mg of

alfuzosin hydrochloride proposed in ANDA No. 79-054.  Torrent is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments contained in this

paragraph.

104.    Torrent Ltd.'s submission of ANDA 79-054 to the FDA, through Torrent Inc., including the § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '940 patent

147001

under 35 U.S.C. § 271(e)(2)(A). Torrent Ltd.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand would infringe the '940 patent.

**ANSWER:**

Torrent admits that Torrent Pharmaceuticals Ltd.'s submission of ANDA No. 79-054,

including a certification pursuant to § 505(j)(2)(A)(vii)(IV) with respect to the '940 patent, is

defined by 35 U.S.C. § 271(e)(2)(A) as an artificial act of infringement. Torrent denies all

remaining allegations contained in paragraph 104.

105.    Torrent Inc. is jointly and severally liable for Torrent Ltd.'s infringement of the '940 patent. Upon information and belief, Torrent Inc. participated in, contributed to, aided, abetted and/or induced the submission of ANDA 79-054 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**

Torrent denies all allegations contained in paragraph 105.

106.    Torrent Inc.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-054 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '940 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, Torrent Inc.'s commercial manufacture, use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '940 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 106.

107.    This is an exceptional case under 35 U.S.C. § 285 because Torrent Ltd. and Torrent Inc. were aware of the existence of the '940 patent at the time of the submission of ANDA 79-054 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '940 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 107.

108.    Plaintiffs will be irreparably harmed by Defendant Torrent Ltd.'s and Defendant Torrent Inc.'s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

147001

**ANSWER:**

      Torrent denies all allegations contained in paragraph 108.

<u><strong>Prayer for Relief</strong></u>

      WHEREFORE, Plaintiffs pray for judgment as follows:

      A.     That Defendants Actavis, Aurobindo Ltd., Aurobindo Inc., Mylan, Par, Teva, Torrent Inc. and Torrent Ltd. have infringed the '491 patent;

      B.     That all Defendants have infringed the '940 patent;

      C.     That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendants' ANDAs identified in this Complaint shall not be earlier than the expiration dates of the '491 patent and '940 patent, including any extensions;

      D.     That Defendants Actavis, Aurobindo Ltd., Aurobindo Inc., Mylan, Par, Teva, Torrent Ltd. and Torrent Inc., their officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling the proposed brand product identified in this Complaint, and any other product that infringes or induces or contributes to the infringement of the '491 patent, prior to the expiration of the '491 patent, including any extensions;

      E.     That Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling the proposed generic versions of sanofi-aventis' Uroxatral® brand product identified in this Complaint, and any other product that infringes or induces or contributes to the infringement of the '940 patent, prior to the expiration of the '940 patent, including any extensions;

      F.     That this case is exceptional under 35 U.S.C. § 285;

34

G.    That Plaintiffs be awarded the attorney fees, costs and expenses that they incur prosecuting this action; and

H.    That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

## ANSWER:

Torrent specifically denies that Plaintiff is entitled to the general or specific relief requested against Torrent, or to any relief whatsoever, and prays for judgment in favor of Torrent dismissing this action with prejudice, and awarding Torrent its reasonable attorneys' fees pursuant to 35 U.S.C. §285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. (collectively "Torrent") assert the following Affirmative Defenses to Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC's Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 4,661,491)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 4,661,491 ("the '491 patent") either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 4,661,491)

Upon information and belief, the claims of the '491 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,149,940)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,149,940 ("the '940 patent") either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,149,940)

Upon information and belief, the claims of the '940 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNTERCLAIMS

1.      Counterclaimant Torrent Pharma Inc. is a Delaware corporation, and the wholly-owned subsidiary of Defendant Torrent Pharmaceuticals Ltd. (collectively "Torrent"), having a place of business at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009.

2.      Counterclaimant Torrent Pharmaceuticals Ltd. is an Indian company having a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

147001

3.      Upon information and belief, Counterclaim Defendant sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

4.      Upon information and belief, Counterclaim Defendant  sanofi-aventis U.S. LLC ("sanofi-aventis U.S.") is a limited liability company organized and existing under the laws of Delaware with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

5.      As a consequence of sanofi-aventis' and sanfoi-aventis U.S.'s Complaint against Torrent, there is now an existing and continuing justiciable controversy between sanofi-aventis and sanofi-aventis U.S. and Torrent regarding the infringement and validity and enforceability of U.S. Patent Nos. 4,661,491 ("the '491 patent") and 6,149,940 ("the '940 patent").

6.      This court has jurisdiction over the subject matter of these Counterclaims pursuant to section 1331 and 1338(a) of Title 28 of the United States Code, as they involve substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

7.      This court may declare the rights and legal relations of the parties pursuant to section 2201 and 2202 of Title 28 of the United States Code, because Torrent's Counterclaims present an actual controversy within the Court's jurisdiction that the patents asserted by sanofi-aventis and sanofi-aventis U.S. against Torrent are not infringed and/or are invalid.

8.      Venue for these Counterclaims is proper within the District in which the Complaint is pending.

147001

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '491 PATENT

9.    The manufacture, use, sale, offer to sell or importation into the United States of Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 4,661,491 ("the '491 patent") either literally or under the doctrine of equivalents.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '491 PATENT

10.    Upon information and belief, the claims of the '491 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '940 PATENT

11.    The manufacture, use, sale, offer to sell or importation into the United States of Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,149,940 ("the '940 patent") either literally or under the doctrine of equivalents.

## COUNT IV
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '940 PATENT

12.    Upon information and belief, the claims of the '940 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

147001

**PRAYER FOR RELIEF**

WHEREFORE, Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. respectfully request the Court to enter judgment against Counterclaim Defendants sanofi-aventis and sanofi-aventis U.S. LLC as follows:

A.  Declaring that Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 4661,491 ("the '491 patent");

B.  Declaring that U.S. Patent No. 4,661,491 is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112;

C.  Declaring that Torrent's proposed extended-release 10 mg alfuzosin hydrochloride tablets that are the subject of ANDA 79-054 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,149,940 ("the '940 patent");

D.  Declaring that U.S. Patent No. 6,149,940 is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§101, 102, 103 and/or 112;

E.  Awarding Torrent their reasonable costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

F.  Awarding all such other and further relief as this Court may deem just and proper.


Dated:  October 15, 2007

Respectfully Submitted,

147001

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
**MURPHY & LANDON**
1011 Centre Road, Suite 210
Wilmington, DE  19805
Tel:  (302) 472-8100
Fax:  (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

147001

## CERTIFICATE OF SERVICE

I, Francis J. Murphy, do hereby certify that the foregoing **DEFENDANTS TORRENT**

**PHARMA INC.'S AND TORRENT PHARMACEUTICALS LTD.'S ANSWER,**

**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

served on the following counsel by electronic filing with the Court's ECF system and by placing

a true and correct copy in the U.S. Mail on this 15th day of October, 2007.

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett, Jr.
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com

John Desmaris
Gerald J. Flattmann, Jr.
William T. Vuk
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

**Attorneys for Plaintiffs**
**sanofi-aventis and**
**sanofi-aventis U.S. LLC**

**MURPHY & LANDON**

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

147001

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

2

147001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANOFI-AVENTIS and SANOFI-AVENTIS U.S. LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 07-572 (GMS) |
| vs. | ) ) | |
| ACTAVIS SOUTH ATLANTIC LLC, AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA INC., MYLAN PHARMACEUTICALS INC., PAR PHARMACEUTICAL, INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC., SUN PHARMACEUTICAL INDUSTRIES LTD, TEVA PHARMACEUTICALS USA, INC., TORRENT PHARMA INC. and TORRENT PHARMACEUTICALS LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## TORRENT PHARMA INC.'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1(a)

The undersigned counsel for Torrent Pharma Inc. certifies that Torrent Pharma Inc. is a publicly held corporation. Torrent Pharmaceuticals Ltd. is a parent company of Torrent Pharma Inc. and holds more than 10% of Torrent Pharma Inc.'s common stock.

Dated: October 15, 2007

Respectfully Submitted,

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
**MURPHY & LANDON**
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100

Fax:  (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

147000

<u>**CERTIFICATE OF SERVICE**</u>

I, Francis J. Murphy, do hereby certify that the foregoing **TORRENT PHARMA INC.'S**

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1(a)** was

served on the following counsel by electronic filing with the Court's ECF system and by placing

a true and correct copy in the U.S. Mail on this 15th day of October, 2007.

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett, Jr.
1201 North Market St.
P.O. Box 1347
Wilmington, DE  19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com

John Desmaris
Gerald J. Flattmann, Jr.
William T. Vuk
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

**Attorneys for Plaintiffs
sanofi-aventis and
sanofi-aventis U.S. LLC**

**MURPHY & LANDON**

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE  19805
Tel:  (302) 472-8100
Fax:  (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

3

147000

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

147000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS and SANOFI-AVENTIS U.S. LLC,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>ACTAVIS SOUTH ATLANTIC LLC, AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA INC., MYLAN PHARMACEUTICALS INC., PAR PHARMACEUTICAL, INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC., SUN PHARMACEUTICAL INDUSTRIES LTD, TEVA PHARMACEUTICALS USA, INC., TORRENT PHARMA INC. and TORRENT PHARMACEUTICALS LIMITED,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 07-572 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## TORRENT PHARMACEUTICALS LTD.'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1(a)

The undersigned counsel for Torrent Pharmaceuticals Ltd. certifies that Torrent Pharmaceuticals Ltd. is a publicly held corporation. No other public corporation holds more than 10% of Torrent Pharmaceuticals Ltd.'s common stock.

Dated: October 15, 2007

　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　/s/ Francis J. Murphy
　　　　　　　　　　　　Francis J. Murphy, DE I.D. No. 223
　　　　　　　　　　　　**MURPHY & LANDON**
　　　　　　　　　　　　1011 Centre Road, Suite 210
　　　　　　　　　　　　Wilmington, DE 19805
　　　　　　　　　　　　Tel: (302) 472-8100

Fax:  (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

2

## CERTIFICATE OF SERVICE

I, Francis J. Murphy, do hereby certify that the foregoing **TORRENT**

**PHARMACEUTICALS LTD.'S CORPORATE DISCLOSURE STATEMENT**

**PURSUANT TO FED. R. CIV. P. 7.1(a)** was served on the following counsel by electronic

filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on

this 15th day of October, 2007.

> Jack B. Blumenfeld
> Maryellen Noreika
> James W. Parrett, Jr.
> 1201 North Market St.
> P.O. Box 1347
> Wilmington, DE  19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com
> jparrett@mnat.com
>
> John Desmaris
> Gerald J. Flattmann, Jr.
> William T. Vuk
> KIRKLAND & ELLIS, LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY  10022
> (212) 446-4800
>
> **Attorneys for Plaintiffs**
> **sanofi-aventis and**
> **sanofi-aventis U.S. LLC**

**MURPHY & LANDON**

/s/ Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, DE  19805
Tel:  (302) 472-8100
Fax:  (302) 472-8135
fmurphy@msllaw.com
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.

3

147003

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
**LOCKE LORD BISSELL & LIDDELL LLP**
Attorneys for Defendants Torrent Pharma
Inc. and Torrent Pharmaceuticals Ltd.
(312) 443-0261 (SBF)
(312) 896-6261 (SBF) (fax)
kparr@lockelord.com

147003