# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ ) | |
| SANOFI-AVENTIS and ) | |
| SANOFI-AVENTIS U.S. LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 1:07-cv-00572-GMS |
| ACTAVIS SOUTH ATLANTIC LLC, ) | |
| AUROBINDO PHARMA LTD., ) | |
| AUROBINDO PHARMA USA INC., ) | |
| MYLAN PHARMACEUTICALS INC., ) | |
| PAR PHARMACEUTICAL, INC., ) | |
| RANBAXY INC., RANBAXY ) | |
| LABORATORIES LIMITED, SUN ) | |
| PHARMACEUTICAL INDUSTRIES, ) | |
| INC., SUN PHARMACEUTICAL ) | |
| INDUSTRIES, LTD., TEVA ) | |
| PHARMACEUTICALS USA, INC., ) | |
| TORRENT PHARMA INC. and ) | |
| TORRENT PHARMACEUTICALS ) | |
| LIMITED ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## STIPULATION REGARDING AMENDMENT OF ANSWER AND COUNTERCLAIMS OF DEFENDANT ACTAVIS SOUTH ATLANTIC LLC TO PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the

parties pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that Defendant

Actavis South Atlantic LLC ("Actavis") may amend its Answer and Counterclaims to

Plaintiffs' Complaint in this action to correct typographical errors in the patent numbers

cited in Paragraph 6 of the Counterclaims.

A copy of the First Amended Answer and Counterclaims of Defendant Actavis

South Atlantic LLC to Plaintiffs' Complaint (the "Amended Answer and Counterclaims")

{BMF-W0074505.}NYDOCS3:33235.1

is attached hereto at Tab 1.  A red-line version of the Amended Answer and

Counterclaims is attached hereto at Tab 2.

| | |
|---|---|
| /s/ Jack B. Blumenfeld | /s/ Dominick T. Gattuso |
| Jack. B. Blumenfeld (No. 1014) | Andre G. Bouchard (No. 2504) |
| Maryellen Noreika (No. 3208) | Dominick T. Gattuso (No. 3630) |
| James W. Parrett, Jr. (No. 4292) | BOUCHARD, MARGULES & |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FRIEDLANDER, P.A. |
| 1201 North Market Street | 222 Delaware Avenue, Suite 1400 |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | Telephone:  (302) 573-3500 |
| jbbefiling@mnat.com | abouchard@bmf-law.com |
| mnoreika@mnat.com | dgattuso@bmf-law.com |
| jparrett@mnat.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | *Actavis South Atlantic LLC* |

Dated: November 16, 2007

## CERTIFICATE OF SERVICE

I, Dominick T. Gattuso, hereby certify that on November 16, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF that will send notification of such filing to the following counsel of record:

> Jack. B. Blumenfeld, Esquire
> Maryellen Noreika, Esquire
> James W. Parrett, Jr., Esquire
> MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

> Mary B. Matterer, Esquire
> MORRIS JAMES LLP

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER, ANDERSON & CORROON LLP

> Phillip A. Rovner, Esquire
> POTTER, ANDERSON & CORROON LLP

> Francis J. Murphy, Jr., Esquire
> MURPHY, SPADARO & LANDON

> Josy W. Ingersoll, Esquire
> John W. Shaw, Esquire
> YOUNG, CONAWAY, STARGATT & TAYLOR , LLP

> Frederick L. Cortell, II, Esquire
> Jameson A.L. Tweedie, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that on November 16, 2007, I caused copies of the foregoing document to be served by e-mail on the following.

Christine J. Siwik, Esquire
Paul J. Molino, Esquire
Deanne M. Mazzochi, Esquire
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Counsel for Aurobindo Pharma USA Inc.*

Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
*Counsel for Aurobindo Pharma USA Inc.*

Christopher J. Sorenson, Esquire
MERCHANT & GOULD
An Intellectual Property Law Firm
80 South 8th Street
3200 IDS Center
Minneapolis, MN 55402
*Counsel for Teva Pharmaceuticals USA, Inc.*

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801
YOUNG, CONAWAY, STARGATT &
TAYLOR , LLP
*Counsel for Teva Pharmaceuticals USA,
Inc.*

John Will Ongman, Esquire
Sanjay B. Sitlani, Esquire
AXINN, VELTROP & HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
*Counsel for Actavis South Atlantic LLC and
Par Pharmaceutical, Inc.*

Chad A. Landmon, Esquire
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
*Counsel for Actavis South Atlantic LLC
and Par Pharmaceutical, Inc.*

Timothy H. Kratz, Esquire
Robert J. Waddell Jr., Esquire
Robert L. Florence, Esquire
MCGUIRE WOODS LLP
1170 Peachtree Street, Suite 2100
Atlanta, GA 30309
*Counsel for Mylan Pharmaceuticals Inc.*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Mylan Pharmaceuticals Inc.*

Lynn E. Eccleston, Esquire
MCGUIRE WOODS LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA 22102-4215
*Counsel for Mylan Pharmaceuticals Inc.*

Keith D. Parr, Esquire
Kevin M. Nelson, Esquire
David B. Abramowitz, Esquire
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive,
Chicago, IL 60606
*Counsel for Torrent Pharma Inc. and*
*Torrent Pharmaceuticals, Ltd.*

Francis J. Murphy, Jr., Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
*Counsel for Torrent Pharma Inc. and*
*Torrent Pharmaceuticals, Ltd.*

Robert B. Breisblatt, Esquire
Steven E. Feldman, Esquire
Sherry L. Rollo, Esquire
WELSH & KATZ LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
*Counsel for Sun Pharmaceutical Industries,*
*Inc. and Sun Pharmaceuticals Industries,*
*Ltd.*

Phillip A. Rovner, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Sun Pharmaceutical*
*Industries, Inc. and Sun Pharmaceuticals*
*Industries, Ltd.*

Darrell L. Olson, Esquire
William R. Zimmerman, Esquire
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, 14th Floor
Irvine, CA 29614
*Counsel for Ranbaxy, Inc. and Ranbaxy*
*Laboratories Limited.*

Frederick L. Cortell, II, Esquire
Jameson A.L. Tweedie, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Counsel for Ranbaxy, Inc. and Ranbaxy*
*Laboratories Limited.*

John Desmarais, Esquire
Gerald J. Flattmann, Jr., Esquire
William T. Vuk, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Counsel for sanofi-aventis and sanofi-aventis*
*U.S. LLC*

/s/ Dominick T. Gattuso
Andre G. Bouchard (No. 2504)
Dominic T. Gattuso (No. 3630)
BOUCHARD, MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

# Exhibit

# 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____
)
SANOFI-AVENTIS and           )
SANOFI-AVENTIS U.S. LLC,     )
)
      Plaintiffs,         )
)
      v.             )
)    C.A. No. 1:07-cv-00572-GMS
ACTAVIS SOUTH ATLANTIC LLC, )
AUROBINDO PHARMA LTD.,    )
AUROBINDO PHARMA USA INC.,  )
MYLAN PHARMACEUTICALS INC., )
PAR PHARMACEUTICAL, INC.,   )
RANBAXY INC., RANBAXY     )
LABORATORIES LIMITED, SUN  )
PHARMACEUTICAL INDUSTRIES, )
INC., SUN PHARMACEUTICAL   )
INDUSTRIES, LTD., TEVA      )
PHARMACEUTICALS USA, INC.,  )
TORRENT PHARMA INC. and    )
TORRENT PHARMACEUTICALS  )
LIMITED              )
)
      Defendants.      )
_____)

## FIRST AMENDED ANSWER
## AND COUNTERCLAIMS OF DEFENDANT
## ACTAVIS SOUTH ATLANTIC LLC TO PLAINTIFFS' COMPLAINT

Defendant Actavis South Atlantic LLC ("Actavis") hereby responds to the

corresponding paragraphs of the Complaint of the plaintiffs, sanofi-aventis and sanofi-

aventis U.S. LLC ("sanofi-aventis U.S.") as follows:

1.      Actavis has insufficient knowledge to admit or deny the allegations in

Paragraph 1 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their

proof.

2.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

3.      Actavis admits the allegations in Paragraph 3 of the Complaint.

4.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

5.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

6.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

7.      Upon information and belief, Actavis admits the allegations in Paragraph 7 of the Complaint.

8.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

9.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

2

10.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

11.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

12.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

13.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

14.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

15.     The allegations of Paragraph 15 of the Complaint set forth legal conclusions and characterizations.  The Complaint speaks for itself, and no further response by Actavis is required, except to state that the Complaint purports to state a cause of action under Title 35 of the U.S. Code.

16.     Actavis admits the allegations in Paragraph 16 of the Complaint.

17.     Actavis denies the allegations in Paragraph 17 of the Complaint, except to state that it does not contest personal jurisdiction over itself in this proceeding.

18.     Actavis admits the allegations in Paragraph 18 of the Complaint.

3

19.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

20.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

21.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

22.     Upon information and belief, Actavis admits the allegations in Paragraph 22 of the Complaint.

23.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

24.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

25.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 25 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

26.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

27.    Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 27 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

28.    Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 28 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

29.    Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 29 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

30.    Actavis admits the allegations in Paragraph 30 of the Complaint with respect to itself.  Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 30 of the Complaint with respect to any other defendant, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

31.    Actavis admits that the '491 patent was issued by the United States Patent and Trademark Office ("PTO" ) on April 28, 1987, that sanofi-aventis U.S. holds NDA No. 21-287 on Uroxtral® brand alfuzosin hydrochloride extended release tablets, and that the '491 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") with respect to Uroxtral®.  Actavis denies that the '491 patent was duly and legally issued by the PTO.  Actavis has insufficient knowledge to admit or deny the remaining  allegations, and therefore denies the same.

32.    Actavis admits that the '940 patent was issued by the PTO on November 21, 2000, and that the '940 patent is listed in the Orange Book with respect to Uroxtral®.  Actavis denies that the '940 patent was duly and legally issued by the PTO.  Actavis has

5

insufficient knowledge to admit or deny the remaining allegations, and therefore denies the same.

33.    Actavis admits the allegations in Paragraph 33 of the Complaint.

34.    The statements made in Actavis' ANDA No. 79-055 speak for themselves and require no further response by Actavis. Actavis has insufficient knowledge to admit or deny the remaining allegations in Paragraph 34 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

35.    Actavis denies the allegations in Paragraph 35 of the Complaint.

36.    Actavis denies the allegations in Paragraph 36 of the Complaint.

37.    Actavis denies the allegations in Paragraph 37 of the Complaint.

38.    Actavis denies the allegations in Paragraph 38 of the Complaint.

39.    Actavis denies the allegations in Paragraph 39 of the Complaint.

40.    Actavis admits the allegations in Paragraph 40 of the Complaint.

41.    The statements made in Actavis' ANDA No. 79-055 speak for themselves and require no further response by Actavis. Actavis has insufficient knowledge to admit or deny the remaining allegations in Paragraph 41 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

42.    Actavis denies the allegations in Paragraph 42 of the Complaint.

43.    Actavis denies the allegations in Paragraph 43 of the Complaint.

44.    Actavis denies the allegations in Paragraph 44 of the Complaint.

45.    Actavis denies the allegations in Paragraph 45 of the Complaint.

46.    Actavis denies the allegations in Paragraph 46 of the Complaint.

{BMF-W0074511.}

47. – 108.    Actavis has insufficient knowledge to respond to the allegations in Paragraphs 47 – 108 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

## FIRST AFFIRMATIVE DEFENSE

### Invalidity

1.    The '491 patent is invalid and unenforceable by reason of the failure of the '491 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

2.    The '940 patent is invalid and unenforceable by reason of the failure of the '940 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

## COUNTERCLAIMS

### The Parties

1.    Actavis South Atlantic LLC ("Actavis") is a limited liability company established under the laws of Delaware, having a principal place of business at 13800 NW 2nd Street, Suite 190, Fort Lauderdale, Florida 33325.

2.    Upon information and belief, sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

3.    Upon information and belief, sanofi-aventis U.S. is a limited liability company organized and existing under the laws of Delaware, with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

7

## **Declaration of Noninfringement and Invalidity**

4.      Actavis repeats and realleges Paragraphs 1-3 of the counterclaims.

5.      This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      In their Complaint, sanofi-aventis and sanofi-aventis U.S. assert that Actavis infringed United States Patent No. 4,661,491 ("the '491 patent") and United States Patent No. 6,149,940 ("the '940 patent") by submitting Abbreviated New Drug Application ("ANDA") No. 79-055  including the § 505(j)(2)(A)(vii)(IV) allegations to the Food and Drug Administration ("FDA"), and that through ANDA No. 79-055 Actavis seeks FDA approval to manufacture and sell alfuzosin hydrochloride extended release tablets prior to the expiration of the '491 and '940 patents.

7.      Actavis seeks a declaration that the '491 and '940 patents are not infringed and that the '491 and '940 patents are invalid.

8.      The '491 patent was issued by the PTO on April 28, 1987, and currently names sanofi-aventis as the assignee of the named inventor Francois Regnier.

9.      In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that Actavis' submission of ANDA No. 79-055 infringes the '491 patent under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would infringe the '491 patent.  In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that the '491 patent is valid.

8

10.    Actavis' submission of ANDA No. 79-055 does not infringe the '491 patent under 35 U.S.C. § 271(e)(2)(A), and Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '491 patent.

11.    The '491 patent is invalid by reason of its failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

12.    The '940 patent was issued by the PTO on November 21, 2000, and currently names sanofi-aventis and Jagotec AG as the assignees of the named inventors Lauretta Maggi, Ubaldo Conte, Pascal Grenier, Guy Vergnault, Alain Dufour, Francois Xavier Jarreau, and Clemence Rauch-Desanti.

13.    In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that Actavis' submission of ANDA No. 79-055 infringes the '940 patent under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would infringe the '940 patent.  In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that the '940 patent is valid.

14.    Actavis' submission of ANDA No. 79-055 does not infringe the '940 patent under 35 U.S.C. § 271(e)(2)(A), and Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '940 patent.

{BMF-W0074511.}

15.    The '940 patent is invalid by reason of its failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

16.    Actual and justiciable controversies exist between Actavis and sanofi-aventis/sanofi-aventis U.S. regarding the infringement and validity of the '491 and '940 patents.

17.    Actavis is entitled to declarations that Actavis' submission of ANDA No. 79-055 does not infringe the '491 and '940 patents under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '491 and '940 patents.

18.    Actavis is entitled to declarations that the '491 and '940 patents are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Actavis demands judgment in its favor and against sanofi-aventis, and respectfully request that this Court:

(a)    Dismiss the Complaint with prejudice and deny each request for relief made by sanofi-aventis and sanofi-aventis U.S.;

(b)    Adjudge the claims of the '491 patent not infringed;

(c)    Adjudge the claims of the '940 patent not infringed;

(d)    Adjudge the claims of the '491 patent invalid;

(e)    Adjudge the claims of the '940 patent invalid;

(f)    Declare this case to be exceptional under 35 U.S.C. § 285;

(g)     Award Actavis its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or general power of the Court;

(h)     Preliminarily and permanently enjoin sanofi-aventis and sanofi-aventis U.S., their officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from utilizing the '491 patent to block, hamper, hinder or obstruct FDA approval of the product described in ANDA No. 79-055;

(i)     Preliminarily and permanently enjoin sanofi-aventis and sanofi-aventis U.S., their officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from utilizing the '940 patent to block, hamper, hinder or obstruct FDA approval of the product described in ANDA No. 79-055;

(j)     Permanently enjoin sanofi-aventis and sanofi-aventis U.S., its officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from asserting or otherwise seeking to enforce the '491 patent against Actavis or anyone in privity with Actavis;

(k)     Permanently enjoin sanofi-aventis and sanofi-aventis U.S., its officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from asserting or otherwise seeking to enforce the '940 patent against Actavis or anyone in privity with Actavis; and

(l)     Award Actavis such other and further relief as the Court deems just and proper.

11

/s/ Dominick T. Gattuso
Andre G. Bouchard (No. 2504)
Dominick T. Gattuso (No. 3630)
BOUCHARD, MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

OF COUNSEL:

John Will Ongman
Sanjay B. Sitlani
AXINN, VELTROP &
  HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 912-4700

Chad A. Landmon
AXINN, VELTROP &
  HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
(860) 275-8100

*Attorneys for Defendant*
*Actavis South Atlantic LLC*

Dated: November 16, 2007

12

## <u>CERTIFICATE OF SERVICE</u>

I, Dominick T. Gattuso, hereby certify that on November 16, 2007, I caused to be

electronically filed a true and correct copy of the First Amended Answer and

Counterclaims with the Clerk of the Court using CM/ECF that will send notification of

such filing to the following counsel of record:

Jack. B. Blumenfeld, Esquire
Maryellen Noreika, Esquire
James W. Parrett, Jr., Esquire
MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

Mary B. Matterer, Esquire
MORRIS JAMES LLP

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER, ANDERSON & CORROON LLP

Phillip A. Rovner, Esquire
POTTER, ANDERSON & CORROON LLP

Francis J. Murphy, Jr., Esquire
MURPHY, SPADARO & LANDON

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR , LLP

Frederick L. Cortell, II, Esquire
Jameson A.L. Tweedie, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I further certify that on November 16, 2007, I caused copies of the foregoing

document to be served by e-mail on the following.

Christine J. Siwik, Esquire
Paul J. Molino, Esquire
Deanne M. Mazzochi, Esquire
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Counsel for Aurobindo Pharma USA Inc.*

Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
*Counsel for Aurobindo Pharma USA Inc.*

Christopher J. Sorenson, Esquire
MERCHANT & GOULD
An Intellectual Property Law Firm
80 South 8th Street
3200 IDS Center
Minneapolis, MN 55402
*Counsel for Teva Pharmaceuticals USA, Inc.*

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801
YOUNG, CONAWAY, STARGATT &
TAYLOR , LLP
*Counsel for Teva Pharmaceuticals USA, Inc.*

John Will Ongman, Esquire
Sanjay B. Sitlani, Esquire
AXINN, VELTROP & HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
*Counsel for Actavis South Atlantic LLC and Par Pharmaceutical, Inc.*

Chad A. Landmon, Esquire
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
*Counsel for Actavis South Atlantic LLC and Par Pharmaceutical, Inc.*

Timothy H. Kratz, Esquire
Robert J. Waddell Jr., Esquire
Robert L. Florence, Esquire
MCGUIRE WOODS LLP
1170 Peachtree Street, Suite 2100
Atlanta, GA 30309
*Counsel for Mylan Pharmaceuticals Inc.*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Mylan Pharmaceuticals Inc.*

Lynn E. Eccleston, Esquire
MCGUIRE WOODS LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA 22102-4215
*Counsel for Mylan Pharmaceuticals Inc.*

2

Keith D. Parr, Esquire
Kevin M. Nelson, Esquire
David B. Abramowitz, Esquire
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive,
Chicago, IL 60606
*Counsel for Torrent Pharma Inc. and
Torrent Pharmaceuticals, Ltd.*

Francis J. Murphy, Jr., Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
*Counsel for Torrent Pharma Inc. and
Torrent Pharmaceuticals, Ltd.*

Robert B. Breisblatt, Esquire
Steven E. Feldman, Esquire
Sherry L. Rollo, Esquire
WELSH & KATZ LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
*Counsel for Sun Pharmaceutical Industries,
Inc. and Sun Pharmaceuticals Industries,
Ltd.*

Phillip A. Rovner, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Sun Pharmaceutical
Industries, Inc. and Sun Pharmaceuticals
Industries, Ltd.*

Darrell L. Olson, Esquire
William R. Zimmerman, Esquire
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, 14th Floor
Irvine, CA 29614
*Counsel for Ranbaxy, Inc. and Ranbaxy
Laboratories Limited.*

Frederick L. Cortell, II, Esquire
Jameson A.L. Tweedie, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Counsel for Ranbaxy, Inc. and Ranbaxy
Laboratories Limited.*

John Desmarais, Esquire
Gerald J. Flattmann, Jr., Esquire
William T. Vuk, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Counsel for sanofi-aventis and sanofi-aventis
U.S. LLC*

3

/s/ Dominick T. Gattuso
Andre G. Bouchard (No. 2504)
Dominick T. Gattuso (No. 3630)
BOUCHARD, MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

4

# Exhibit

# 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                    )
SANOFI-AVENTIS and                                  )
SANOFI-AVENTIS U.S. LLC,                            )
                                                    )
            Plaintiffs,                             )
                                                    )
      v.                                            )
                                                    )        C.A. No. 1:07-cv-00572-GMS
ACTAVIS SOUTH ATLANTIC LLC,                         )
AUROBINDO PHARMA LTD.,                              )
AUROBINDO PHARMA USA INC.,                          )
MYLAN PHARMACEUTICALS INC.,                         )
PAR PHARMACEUTICAL, INC.,                           )
RANBAXY INC., RANBAXY                               )
LABORATORIES LIMITED, SUN                           )
PHARMACEUTICAL INDUSTRIES,                          )
INC., SUN PHARMACEUTICAL                            )
INDUSTRIES, LTD., TEVA                              )
PHARMACEUTICALS USA, INC., _____   )
TORRENT PHARMA INC. and                             )
TORRENT PHARMACEUTICALS                             )
LIMITED                                             )
                                                    )
            Defendants.                             )
_____)

**FIRST AMENDED ANSWER**
**AND COUNTERCLAIMS OF DEFENDANT**
**ACTAVIS SOUTH ATLANTIC LLC TO PLAINTIFFS' COMPLAINT**

> Formatted: No underline

      Defendant Actavis South Atlantic LLC ("Actavis") hereby responds to the

corresponding paragraphs of the Complaint of the plaintiffs, sanofi-aventis and sanofi-

aventis U.S. LLC ("sanofi-aventis U.S.") as follows:

      1.    Actavis has insufficient knowledge to admit or deny the allegations in

Paragraph 1 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their

proof.

[BMF-W0074507.]NYDOCS:33236.1

2.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 2 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

3.      Actavis admits the allegations in Paragraph 3 of the Complaint.

4.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

5.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

6.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

7.      Upon information and belief, Actavis admits the allegations in Paragraph 7 of the Complaint.

8.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

9.      Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

**Formatted:** Font: 8 pt

10.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

11.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

12.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

13.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

14.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

15.     The allegations of Paragraph 15 of the Complaint set forth legal conclusions and characterizations.  The Complaint speaks for itself, and no further response by Actavis is required, except to state that the Complaint purports to state a cause of action under Title 35 of the U.S. Code.

16.     Actavis admits the allegations in Paragraph 16 of the Complaint.

17.     Actavis denies the allegations in Paragraph 17 of the Complaint, except to state that it does not contest personal jurisdiction over itself in this proceeding.

18.     Actavis admits the allegations in Paragraph 18 of the Complaint.

**Formatted:** Font: 8 pt

19.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

20.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

21.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

22.     Upon information and belief, Actavis admits the allegations in Paragraph 22 of the Complaint.

23.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

24.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

25.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 25 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

26.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

**Formatted:** Font: 8 pt

27.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 27 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

28.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 28 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

29.     Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 29 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

30.     Actavis admits the allegations in Paragraph 30 of the Complaint with respect to itself.  Actavis has insufficient knowledge to admit or deny the allegations in Paragraph 30 of the Complaint with respect to any other defendant, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

31.     Actavis admits that the '491 patent was issued by the United States Patent and Trademark Office ("PTO" ) on April 28, 1987, that sanofi-aventis U.S. holds NDA No. 21-287 on Uroxtral® brand alfuzosin hydrochloride extended release tablets, and that the '491 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") with respect to Uroxtral®.  Actavis denies that the '491 patent was duly and legally issued by the PTO.  Actavis has insufficient knowledge to admit or deny the remaining  allegations, and therefore denies the same.

32.     Actavis admits that the '940 patent was issued by the PTO on November 21, 2000, and that the '940 patent is listed in the Orange Book with respect to Uroxtral®.  Actavis denies that the '940 patent was duly and legally issued by the PTO.  Actavis has

**Formatted:** Font: 8 pt

insufficient knowledge to admit or deny the remaining allegations, and therefore denies the same.

33.　　Actavis admits the allegations in Paragraph 33 of the Complaint.

34.　　The statements made in Actavis' ANDA No. 79-055 speak for themselves and require no further response by Actavis. Actavis has insufficient knowledge to admit or deny the remaining allegations in Paragraph 34 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

35.　　Actavis denies the allegations in Paragraph 35 of the Complaint.

36.　　Actavis denies the allegations in Paragraph 36 of the Complaint.

37.　　Actavis denies the allegations in Paragraph 37 of the Complaint.

38.　　Actavis denies the allegations in Paragraph 38 of the Complaint.

39.　　Actavis denies the allegations in Paragraph 39 of the Complaint.

40.　　Actavis admits the allegations in Paragraph 40 of the Complaint.

41.　　The statements made in Actavis' ANDA No. 79-055 speak for themselves and require no further response by Actavis. Actavis has insufficient knowledge to admit or deny the remaining allegations in Paragraph 41 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

42.　　Actavis denies the allegations in Paragraph 42 of the Complaint.

43.　　Actavis denies the allegations in Paragraph 43 of the Complaint.

44.　　Actavis denies the allegations in Paragraph 44 of the Complaint.

45.　　Actavis denies the allegations in Paragraph 45 of the Complaint.

46.　　Actavis denies the allegations in Paragraph 46 of the Complaint.

Formatted: Font: 8 pt

47. – 108.    Actavis has insufficient knowledge to respond to the allegations in Paragraphs 47 – 108 of the Complaint, and leaves sanofi-aventis and sanofi-aventis U.S. to their proof.

## FIRST AFFIRMATIVE DEFENSE

### Invalidity

1.    The '491 patent is invalid and unenforceable by reason of the failure of the '491 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

2.    The '940 patent is invalid and unenforceable by reason of the failure of the '940 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

## COUNTERCLAIMS

### The Parties

1.    Actavis South Atlantic LLC ("Actavis") is a limited liability company established under the laws of Delaware, having a principal place of business at 13800 NW 2nd Street, Suite 190, Fort Lauderdale, Florida 33325.

2.    Upon information and belief, sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

3.    Upon information and belief, sanofi-aventis U.S. is a limited liability company organized and existing under the laws of Delaware, with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

**Formatted:** Font: 8 pt

**Declaration of Noninfringement and Invalidity**

4.     Actavis repeats and realleges Paragraphs 1-3 of the counterclaims.

5.     This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.     In their Complaint, sanofi-aventis and sanofi-aventis U.S. assert that Actavis infringed United States Patent No. 4,661,491 ("the '491 patent") and United States Patent No. 6,149,940 ("the '940 patent") by submitting Abbreviated New Drug Application ("ANDA") No. 79-055  including the § 505(j)(2)(A)(vii)(IV) allegations to the Food and Drug Administration ("FDA"), and that through ANDA No. 79-055 Actavis seeks FDA approval to manufacture and sell alfuzosin hydrochloride extended release tablets prior to the expiration of the '491 and '940 patents.

7.     Actavis seeks a declaration that the '491 and '940 patents are not infringed and that the '491 and '940 patents are invalid.

8.     The '491 patent was issued by the PTO on April 28, 1987, and currently names sanofi-aventis as the assignee of the named inventor Francois Regnier.

9.     In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that Actavis' submission of ANDA No. 79-055 infringes the '491 patent under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would infringe the '491 patent.  In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that the '491 patent is valid.

**Deleted:** United States Patent No. 6,322,491 ("the '491 patent") and U.S. Patent No. 6,605,940 ("the '940 patent")

**Formatted:** Font: 8 pt

10.     Actavis' submission of ANDA No. 79-055 does not infringe the '491 patent under 35 U.S.C. § 271(e)(2)(A), and Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '491 patent.

11.     The '491 patent is invalid by reason of its failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

12.     The '940 patent was issued by the PTO on November 21, 2000, and currently names sanofi-aventis and Jagotec AG as the assignees of the named inventors Lauretta Maggi, Ubaldo Conte, Pascal Grenier, Guy Vergnault, Alain Dufour, Francois Xavier Jarreau, and Clemence Rauch-Desanti.

13.     In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that Actavis' submission of ANDA No. 79-055 infringes the '940 patent under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would infringe the '940 patent.  In their Complaint, sanofi-aventis and sanofi-aventis U.S. maintain, and Actavis denies, that the '940 patent is valid.

14.     Actavis' submission of ANDA No. 79-055 does not infringe the '940 patent under 35 U.S.C. § 271(e)(2)(A), and Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '940 patent.

**Formatted:** Font: 8 pt

15. The '940 patent is invalid by reason of its failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

16. Actual and justiciable controversies exist between Actavis and sanofi-aventis/sanofi-aventis U.S. regarding the infringement and validity of the '491 and '940 patents.

17. Actavis is entitled to declarations that Actavis' submission of ANDA No. 79-055 does not infringe the '491 and '940 patents under 35 U.S.C. § 271(e)(2)(A) and that Actavis' commercial use, offer for sale or sale of its alfuzosin hydrochloride extended release tablets would not infringe the '491 and '940 patents.

18. Actavis is entitled to declarations that the '491 and '940 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Actavis demands judgment in its favor and against sanofi-aventis, and respectfully request that this Court:

(a) Dismiss the Complaint with prejudice and deny each request for relief made by sanofi-aventis and sanofi-aventis U.S.;

(b) Adjudge the claims of the '491 patent not infringed;

(c) Adjudge the claims of the '940 patent not infringed;

(d) Adjudge the claims of the '491 patent invalid;

(e) Adjudge the claims of the '940 patent invalid;

(f) Declare this case to be exceptional under 35 U.S.C. § 285;

Formatted: Font: 8 pt

(g)    Award Actavis its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or general power of the Court;

(h)    Preliminarily and permanently enjoin sanofi-aventis and sanofi-aventis U.S., their officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from utilizing the '491 patent to block, hamper, hinder or obstruct FDA approval of the product described in ANDA No. 79-055;

(i)    Preliminarily and permanently enjoin sanofi-aventis and sanofi-aventis U.S., their officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from utilizing the '940 patent to block, hamper, hinder or obstruct FDA approval of the product described in ANDA No. 79-055;

(j)    Permanently enjoin sanofi-aventis and sanofi-aventis U.S., its officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from asserting or otherwise seeking to enforce the '491 patent against Actavis or anyone in privity with Actavis;

(k)    Permanently enjoin sanofi-aventis and sanofi-aventis U.S., its officers, agents, servants, employees, attorneys and any person who acts in concert or participation with sanofi-aventis and/or sanofi-aventis U.S., from asserting or otherwise seeking to enforce the '940 patent against Actavis or anyone in privity with Actavis; and

(l)    Award Actavis such other and further relief as the Court deems just and proper.

**Formatted:** Font: 8 pt

/s/ Dominick T. Gattuso
Andre G. Bouchard (No. 2504)
Dominick T. Gattuso (No. 3630)
BOUCHARD, MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

OF COUNSEL:

John Will Ongman
Sanjay B. Sitlani
AXINN, VELTROP &
  HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 912-4700

Chad A. Landmon
AXINN, VELTROP &
  HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
(860) 275-8100

*Attorneys for Defendant*
*Actavis South Atlantic LLC*

Dated: November 16, 2007

Formatted: Font: 8 pt

## <u>CERTIFICATE OF SERVICE</u>

I, Dominick T. Gattuso, hereby certify that on November 16, 2007, I caused to be

electronically filed a true and correct copy of the First Amended Answer and

Counterclaims with the Clerk of the Court using CM/ECF that will send notification of

such filing to the following counsel of record:

      Jack. B. Blumenfeld, Esquire
      Maryellen Noreika, Esquire
      James W. Parrett, Jr., Esquire
      MORRIS, NICHOLS, ARSHT AND TUNNELL LLP

      Mary B. Matterer, Esquire
      MORRIS JAMES LLP

      Richard L. Horwitz, Esquire
      David E. Moore, Esquire
      POTTER, ANDERSON & CORROON LLP

      Phillip A. Rovner, Esquire
      POTTER, ANDERSON & CORROON LLP

      Francis J. Murphy, Jr., Esquire
      MURPHY, SPADARO & LANDON

      Josy W. Ingersoll, Esquire
      John W. Shaw, Esquire
      YOUNG, CONAWAY, STARGATT & TAYLOR , LLP

      Frederick L. Cortell, II, Esquire
      Jameson A.L. Tweedie, Esquire
      RICHARDS, LAYTON & FINGER, P.A.

I further certify that on November 16, 2007, I caused copies of the foregoing

document to be served by e-mail on the following.

{BMF-W0074507.}NYDOCS:33236.1

Christine J. Siwik, Esquire
Paul J. Molino, Esquire
Deanne M. Mazzochi, Esquire
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Counsel for Aurobindo Pharma USA Inc.*

Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
*Counsel for Aurobindo Pharma USA Inc.*

Christopher J. Sorenson, Esquire
MERCHANT & GOULD
An Intellectual Property Law Firm
80 South 8th Street
3200 IDS Center
Minneapolis, MN 55402
*Counsel for Teva Pharmaceuticals USA, Inc.*

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801
YOUNG, CONAWAY, STARGATT &
TAYLOR , LLP
*Counsel for Teva Pharmaceuticals USA, Inc.*

John Will Ongman, Esquire
Sanjay B. Sitlani, Esquire
AXINN, VELTROP & HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
*Counsel for Actavis South Atlantic LLC and Par Pharmaceutical, Inc.*

Chad A. Landmon, Esquire
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
*Counsel for Actavis South Atlantic LLC and Par Pharmaceutical, Inc.*

Timothy H. Kratz, Esquire
Robert J. Waddell Jr., Esquire
Robert L. Florence, Esquire
MCGUIRE WOODS LLP
1170 Peachtree Street, Suite 2100
Atlanta, GA 30309
*Counsel for Mylan Pharmaceuticals Inc.*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Mylan Pharmaceuticals Inc.*

Lynn E. Eccleston, Esquire
MCGUIRE WOODS LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA 22102-4215
*Counsel for Mylan Pharmaceuticals Inc.*

**Formatted:** Font: 8 pt

{BMF-W0074507.1}2

Keith D. Parr, Esquire
Kevin M. Nelson, Esquire
David B. Abramowitz, Esquire
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive,
Chicago, IL 60606
*Counsel for Torrent Pharma Inc. and
Torrent Pharmaceuticals, Ltd.*

Francis J. Murphy, Jr., Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
*Counsel for Torrent Pharma Inc. and
Torrent Pharmaceuticals, Ltd.*

Robert B. Breisblatt, Esquire
Steven E. Feldman, Esquire
Sherry L. Rollo, Esquire
WELSH & KATZ LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
*Counsel for Sun Pharmaceutical Industries,
Inc. and Sun Pharmaceuticals Industries,
Ltd.*

Phillip A. Rovner, Esquire
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market St.
Wilmington, DE 19801
*Counsel for Sun Pharmaceutical
Industries, Inc. and Sun Pharmaceuticals
Industries, Ltd.*

Darrell L. Olson, Esquire
William R. Zimmerman, Esquire
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, 14th Floor
Irvine, CA 29614
*Counsel for Ranbaxy, Inc. and Ranbaxy
Laboratories Limited.*

Frederick L. Cortell, II, Esquire
Jameson A.L. Tweedie, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Counsel for Ranbaxy, Inc. and Ranbaxy
Laboratories Limited.*

John Desmarais, Esquire
Gerald J. Flattmann, Jr., Esquire
William T. Vuk, Esquire
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
*Counsel for sanofi-aventis and sanofi-aventis
U.S. LLC*

Formatted: Font: 8 pt

/s/ Dominick T. Gattuso
Andre G. Bouchard (No. 2504)
Dominick T. Gattuso (No. 3630)
BOUCHARD, MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 573-3500
abouchard@bmf-law.com
dgattuso@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

**Formatted:** Font: 8 pt